# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-1004V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
ARIEL AHRAM,                        *    Filed: January 22, 2015
                                    *
          Petitioner,               *    Entitlement; Off-Table Injury;
                                    *    Conceded; Decision by Proffer;
     v.                             *    Damages; Influenza ("Flu")
                                    *    Vaccine; Shoulder Injury Related
                                    *    to Vaccine Administration
SECRETARY OF HEALTH AND             *    ("SIRVA")
HUMAN SERVICES,                     *
                                    *
          Respondent.                *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Isaiah Kalinowski*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.

*Michael Milmoe*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION FINDING ENTITLEMENT AND AWARDING DAMAGES**[1]

On December 19, 2013, Ariel Ahram filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") in her left shoulder as a result of receiving the influenza ("flu") vaccine on November 3, 2011.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

In her Rule 4(c) report, filed on March 19, 2014, Respondent conceded that Petitioner's claim was compensable under the Act. Respondent specifically stated that the Division of Vaccine Injury Compensation, Department of Health and Human Services, had reviewed the facts of this case and had concluded that Petitioner's injury was consistent with SIRVA, and based on the medical records Petitioner had filed, that Petitioner met the statutory requirement for entitlement to compensation. Therefore, based on the record as it then stood, Respondent indicated that Petitioner had satisfied all legal prerequisites for compensation under the Act.

On January 22, 2015, Respondent filed a proffer recommending a specific award of compensation to Petitioner. I have reviewed the file, and based upon that review, I conclude that the Respondent's proffer was reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards Petitioner:

- A lump sum of $96,250.00 in the form of a check payable to Petitioner, Ariel Ahram. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner would be entitled.

Proffer § 2.

Based on my own review of the record (*See* § 300aa-13(a)(1); 42 C.F.R. § 100.3(a)(I), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). I therefore approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| ARIEL AHRAM, | ) | |
| | ) | |
| Petitioner, | ) | No. 13-1004V |
| | ) | Special Master Corcoran |
| v. | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Compensation for Vaccine Injury-Related Items**

For purposes of this Proffer, the term "vaccine-related" is described in Respondent's Rule 4(c) Report, filed on March 19, 2014, conceding entitlement in this case.  Respondent proffers that, based on the evidence of record, petitioner should be awarded $96,250.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4).  Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $96,250.00 in the form of a check payable to petitioner, Ariel Ahram.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                                                Respectfully submitted,

                                                JOYCE R. BRANDA
                                                Acting Assistant Attorney General

                                                RUPA BHATTACHARYYA
                                                Director
                                                Torts Branch, Civil Division

                                                VINCENT J. MATANOSKI
                                                Deputy Director
                                                Torts Branch, Civil Division

                                                ALTHEA W. DAVIS
                                                Senior Trial Counsel
                                                Torts Branch, Civil Division

                                                */s/ Michael P. Milmoe*
                                                MICHAEL P. MILMOE
                                                Senior Trial Counsel
                                                Torts Branch, Civil Division
                                                U.S. Department of Justice
                                                P.O. Box 146
                                                Benjamin Franklin Station
                                                Washington, D.C.  20044-0146
                                                Phone:   (202) 616-4125
Dated:  January 22, 2015                      Fax:     (202) 616-4310